UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL,<br><br>             Plaintiff,<br><br>   v.<br><br>FLEMING, *et al.*,<br><br>             Defendants. | Case No.  2:21-cv-02137-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS AND PARTIES, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

   Plaintiff, a state prisoner, alleges that defendants used excessive force against him in 2001.  ECF No. 1 at 5-10.  This claim appears to be barred by the statute of limitations.  I will give plaintiff a chance to amend his complaint and to explain why it should still proceed. Plaintiff has also filed an application to proceed *in forma pauperis*, which I will grant.  ECF No. 2.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that in September of 2001, while he was incarcerated at High Desert State Prison, defendant correctional officers used excessive force against him after he refused to accept a cellmate. ECF No. 1 at 6-7.  The statute of limitations in a section 1983 action is derived from the forum state's statute of limitations for personal injury actions. *Usher v. Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987).  Under California law, a prisoner serving a term less than life has four years to bring a personal injury action. Cal. Code of Civ. Proc. §§ 335.1, 352.1(a).  Plaintiff alleges that the injury at issue in this case occurred in September 2001, more than twenty years before this action was filed.  Accordingly, it appears that plaintiff's claim is irredeemably time-barred.[1]  However, before recommending that this action be dismissed, I will grant plaintiff leave to amend so that he may explain why this action should still proceed.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that claims or parties be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
2. Within thirty days from the service of this order, plaintiff must either file an Amended

---

[1] While generally raised as an affirmative defense, failure to comply with the statute of limitations may be considered at the screening phase if that failure is apparent, from the face of the complaint, that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that claims or parties be dismissed.

    3. Failure to comply with this order may result in the dismissal of this action.

    4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 8, 2022                                                            
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE