UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL, | Case No. 2:21-cv-02137-JDP (PC) |
| Plaintiff, | ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| FLEMING, *et al.*, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED AS TIME-BARRED |
| Defendants. | |
| | ECF No. 8 |
| | FOURTEEN-DAY DEADLINE |

As in his original complaint, plaintiff, a state prisoner, alleges that defendants used excessive force against him in 2001. ECF No. 8 at 4. As I explained in my prior screening order, this claim is barred by the statute of limitations. Plaintiff's amended complaint does not explain why this evidently untimely claim should be allowed to proceed. Accordingly, I recommend that this action be dismissed.

**Screening Order**

**I.   Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

1

1  claim upon which relief may be granted, or that seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20      **II.**    **Analysis**

21        Plaintiff alleges that, in September of 2001 and while incarcerated at High Desert State
22  Prison, the defendant correctional officers used excessive force against him after he refused to
23  accept a cellmate.  ECF No. 8 at 4.  As I explained in my last screening order, the statute of
24  limitations in a section 1983 action is derived from the forum state's statute of limitations for
25  personal injury actions.  *Usher v. Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987).  Under
26  California law a prisoner serving a term less than life has four years to bring a personal injury
27  action.  Cal. Code of Civ. Proc. §§ 335.1, 352.1(a).  More than twenty years have passed since the
28

injury at issue. Accordingly, plaintiff's claim is time-barred and should be dismissed.[1]

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that this action be dismissed without leave to amend as time-barred.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   October 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] While it generally must be raised as an affirmative defense, failure to comply with the statute of limitations can be considered at the screening phase if it is apparent, from the face of the complaint, that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).